21 CV 07048

# United States District Court
## Southern District of New York

PHILLIP A. VAUGHN

_____

_____

Write the full name of each plaintiff.

-against-

NEW YORK CITY TRANSIT AUTHORITY

_____

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes   ☒ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| PHILLIP | A | VAUGHN |
|---|---|---|
| First Name | Middle Initial | Last Name |

370 BUSHWICK AVE APT 10-H

Street Address

| BROOKLYN | NY | 11206 |
|---|---|---|
| County, City | State | Zip Code |

| 347-749-9597 | vaughnnavy@nyc.rr.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name
NEW YORK CITY TRANSIT AUTHORITY

Address where defendant may be served

| 130 LIVINGTSTON ST | NY | 11201 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2: ~~TRANSPORT WORKERS UNION LOCAL 100~~ PV

Name
~~6TH FLOOR~~ PV

Address where defendant may be served

| ~~BROOKLYN,~~ | ~~NY~~ | PV |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State            Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**New York City Transit Authority**
_____
Name

**370 Bushwick AVE**
_____
Address

**130 Livingston Street**          **NY**          **11201**
_____
County, City                State            Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race:          _____

☐  color:          _____

☐  religion:          _____

☐  sex:          _____

☐  national origin:          _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.
PLEASE REFRENCE AFFIDAVIT 1. & EXHIBITS  FOR STATE OF FACTS.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?   16G-2020-02740

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☒   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?   MAY 24, 2021

When did you receive the Notice?   MAY 24, 2021

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☒   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☒   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

BACK WAGES FROM NOVEMBER 9, 2019

BACK WAGES FROM OVERTIME SAVE AS PERSONAL AND VACATION.

OTHER WAGES THE COURT DEEM NECESSARY.

WAGES FOR EMOTIONAL STRESS, SUFFERING, COURT COST, AND OTHER FEES.

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _August 20, 2021_ | _Phillip A. Vaughn_ |
| Dated | Plaintiff's Signature |
| _Phillip_ | _A_     _Vaughn_ |
| First Name | Middle Initial    Last Name |
| _370 Bushwick AVE APT 10-H_ | |
| Street Address | |
| _Brooklyn_ | _NY_     _11206_ |
| County, City | State     Zip Code |
| _347 749-9597_ | _Vaughnnavy@NYC.rr.Coms_ |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Phillip Vaughn<br>370 Bushwick Avenue, #10H<br>Brooklyn, NY 11206 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative<br>**Holly M. Shabazz,** | | Telephone No. |
| 16G-2020-02740 | **State & Local Program Manager** | | **(929) 506-5316** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [X] | Other (briefly state)    **Charging Party wishes to pursue matter in Federal District Court.** |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Judy A. Keenan*

May 24, 2021

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:    **NEW YORK CITY TRANSIT AUTHORITY**
Attn: Legal Department
130 Livingston Street, 12th Floor
Brooklyn, NY 11201

Locksley O. Wade, Esq.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Phillip A. Vaughn

**Plaintiff**

-Against-

New York City Transit Authority

**Defendant**

## AFFIDAVIT 1

### In Support of

EMPLOYMENT DISCRIMINATION COMPLAINT:

## FACTS:

I, PHILLIP A. VAUGHN, was hired by New York City Transit Authority January 7, 2019.

My duties encompassed to maintain access control. I was required to check

Employee Passes Identification Cards of New York City Transit employees. During

observation I have confiscated with New York City Transit Authority, Department

of Security. My title was numerous Employee Pass Identification Passes and

photocopies with expired expiration dates. My instructions are from the following:

- Mr. Jesse DeMino , Security Manager  & Class Instructor.

- The Standard Procedure. Confiscation of Passes. **EXHIBIT A.**

- The Standard Procedure. Emerging from the Booth. **EXHIBIT A-1**

- A Letter from the President at time Mr. Andy Byford, **EXHIBIT B**

- A Memorandum from Mr. Robert Diehi, Sr Vice President, Of Safety and Security Group **EXHIBIT C1, C2**

- Field Operations Reminder Lesson Dated September 2019. Emerging from the Booth To Verify Authorized Access. **EXHIBIT S**

On June 11, 2019, I was performing my duties at Mother Clara Hale Bus Depot. Located 721 Malcolm X Blvd, New York, 10039. At 4:56 a.m. A white male bus operator (Shifter) Mr. Trizarry Pass No (426122) entered the bus depot with an expired employee pass of 2016. It was confiscated and incident report initiated.

At 5:40 a.m. a Black male Bus operator Mr.  Keith Barr entered the Bus Depot. Mr. Barr had a Photocopy of an employee pass, that expired in 2015. Mr. Barr did produce a current valid employee identification pass. The Photocopy was confiscated, and incident report generated. Security Manager, Mr. Richman called me at the Guard Booth, and wanted to know the following concerning Mr. Barr.

**1)** What statements Mr. Barr made when entering the bus depot?

**2)** What Mr. Barr stated when asked why he had the Photocopy?

**3)** What year did the photocopy expired?

Page **2** of **5**

**4)** Did Mr. Barr have a valid Employee Pass?

**5** What year did his currant pass expire. ____

Mr. Richman was typing because I can hear it. It appeared he was doing and incident report.

On October 7, 2019 for the first time I performed my duties at Post 48-A Charleston Bus Depot. 4700 Arthur Kill RD. Staten Island, NY 10309. Approximately 4:15 a.m. I confiscated a photocopy expired pass of 2014 from Bus Operator Steven Schulman Pass No. (917107) He stated twice if I do not return the pass he will call the police on me. I did not return the pass incident report generated. Mr. Richman reprimanded me on the phone. To the best of my knowledge his location was a 130 Livingston Street Brooklyn, New York. Mr. Richman Stated I was conducting an Enhance Security Identification Check repeatedly. I was clueless as to what he was talking about. He further stated the pass was illegally confiscated. The bus Depots don't give a shit about Photocopies, and nothing is going to happen. He stated I am not supposed to be going through people personal belongings. He continued to inform me he is going to instruct the supervisor to go inside the depot and inform them I was conducting an authorized security operation and that the pass was illegally confiscated. I submitted a statement On October 8, 2019, the Subject was

Grievance Intent. I was informing Mr. Richman that I was going to file a grievance against him revealing Mr. Richman is discriminating against black bus operators from Harlem. He will process incident reports of Black Bus Operators from Harlem with expired photocopies of employee pass identification cards and not of and not process incident reports for white male bus operators from Staten Island with with expired photocopies of Employee Pass Identification Cards.

**Please Reference EXHIBIT E.**  In less then 30 days on November 7, 2019 I was terminated.   The Defendant New York City Transit Department of Security continued with false reporting of the facts to the Department of Labor in writing and verbally up to July 22, 2020.  Continue with false reporting to New York State of The Division of Human Rights up to September 30, 2020.

**END OF STATEMENT//////////////////////////////////////////////////////////**

**I, Phillip A. Vaughn,** under penalty of perjury deponent being duly sworn, say he is familiar with all the statements contained AFFIDAVIT 1, In Support of Employment Discrimination Complaint.  Statement of these is true, to the best of my knowledge.

<table>
<tr><td>_____Phillip A. Vaughn_____</td><td>Sworn to before me this</td></tr>
<tr><td>(Print Name)</td><td>20  AUGUST 2021</td></tr>
</table>

<table>
<tr><td><em>Phillip A. Vaughn</em></td><td></td></tr>
<tr><td>Signature</td><td>Notary Public</td></tr>
</table>

SUHAIL C. JORGE
Notary Public, State of New York
No. 01JO6376817
Qualified in Kings County
Commission Expires June 18, 20 22

# EXHIBIT A
## Standard Operating Procedure



| Section:  Duties & Responsibilities | | Manual Procedure No: A-1 | |
|---|---|---|---|
| **ACCESS CONTROL PROCEDURE** | | | |
| DATE EFFECTIVE:<br>01/01/04 | DATE REVISED:<br>07/01/18 | VICE PRESIDENT APPROVAL:<br>*ROBERT DIEHL* | PAGE:<br>**4 of 11** |

WORK ARRIVAL
AND DEPARTURE

   a. Will not remain on NYCT property, other than public System areas, more than thirty (30) minutes after tour of duty.
   b. Will not enter NYCT property, other than public System areas, except when reporting for duty or when authorized to enter the property by the SOC/SCC or Field TPPS/Manager on-duty.

PERSONAL
VEHICLES AND
MOTORCYCLES

   c. Will not bring a personal vehicle or motorcycle onto NYCT property more than thirty (30) minutes before tour, or leave a personal vehicle or motorcycle on NYCT property after tour, in accordance with NYCT P/I # 2.2.2, "Parking of Employee/Non-employee Vehicles on NYCT Property".

## (2) EMPLOYEE ACCESS CONTROL PROCEDURE:

MTA/NYCT
EMPLOYEE ACCESS

  a) Permit access of MTA/NYCT employees displaying the following valid ID after verifying name, photo, and expiration date.
   (1) NYCT employee MetroCard Pass (Pass).
   (2) MTA Bus Company ID (only at NYCT Bus Facilities).
   (3) MTA Office of the Inspector General ID.

RESTRICTED MTA
EMPLOYEE ACCESS

  b) Process MTA/NYCT employees displaying the following valid ID according to visitor registration procedures.
   (1) Metro-North Railroad.
   (2) Long Island Railroad.
   (3) Staten Island Railway.
   (4) Bridges and Tunnels.
   (5) Capital Construction.
   (6) Metropolitan Transportation Authority (MTA Headquarters).

DENIED ACCESS

  c) Deny access of employees without a valid NYCT Pass (or MTA Bus Company ID at NYCT Bus facilities).

BADGES

   (1) Display of a MTA/NYCT employee badge will not constitute valid ID to permit property access (other than uniformed Police).

CONFISCATION
OF INVALID PASS

  d) Confiscate any invalid/expired NYCT Pass and issue a receipt.
   (1) Do not confiscate MTA Bus Company ID.
   (2) Notify the SOC/SCC and immediate Field TPPS/Manager on-duty (through the SOC/SCC) of any confiscated NYCT Pass.
   (3) Make a Post Logbook or Memo Book entry, as appropriate, to record any confiscated NYCT Pass including name and title of the SOC/SCC representative notified and an issued Incident Number.
    a. Submit Incident Report and confiscated NYCT Pass to the immediate Field TPPS/Manager on-duty before end of tour.

# EXHIBIT B
## Letter *from the President*

November 26, 2018

Dear Colleagues:

MTA New York City Transit policy requires all employees to display their MetroCard Employee Photo-Identification Pass to Department of Security personnel when entering a NYC Transit location. Additionally, employees must conspicuously wear their pass at all times while on NYC Transit property (with some limited exceptions for operational personnel working in a shop environment). The correct display and wearing of your Employee Pass is the first step to minimize the risk of unauthorized individuals entering our property, as well as reducing the risk of a range of potential security concerns, including types of workplace violence.

As part of the Employee Pass inspection process, and in compliance with NYC Transit Employee Rules and Regulations, Security personnel may periodically physically inspect Employee Passes. This measure is not meant to delay or inconvenience you, but to verify the Employee Pass holder's name, photo-image, signature and Employee Pass expiration date. Random inspections should be expected and each employee must fully cooperate with this process.

The display of your Employee Pass in a clear plastic holder -- easily visible to coworkers and Security personnel -- not only enhances the security of our facilities, but helps ensure your safety, as well as your colleagues.

It is a sense of personal responsibility and cooperative teamwork that makes a difference in the workplace. Your commitment to wearing and consistently displaying your Employee Identification Pass is greatly appreciated.

Sincerely,

Andy Byford

# EXHIBIT B

# EXHIBIT C-1 Memorandum

 **New York City Transit**

Date    September 25, 2019

To      All Employees

From    Robert Diehl, Sr. Vice President, Safety and Security Group

Re      EMPLOYEE/NON-EMPLOYEE ACCESS CONTROL PROTOCOL

Maintaining the integrity of access control to NYC Transit properties and facilities is a key security function that is vital to protecting employees, contractors, and customers, as well as system infrastructure and agency assets. While on NYC Transit property or within a NYC Transit facility, employees/authorized non-employees (with limited exceptions for operational personnel working in a shop environment) must always conspicuously wear their EPIC pass. Your cooperation in abiding by NYC Transit policy, procedure and protocol in this regard enhances all our safety and security.

Access control in NYC Transit relies on either the visual presentation of one's NYC Transit issued Employee Photo-Identification Card (EPIC) pass to a Department of Security representative or the "swiping" of one's NYC Transit EPIC pass at an electronic access device reader. Selected contractors, vendors, consultants and other non-employees (hereto collectively referenced as "non-employees") who require continuous reentry to NYC Transit locations have also been issued an EPIC pass.

When entering a NYC Transit property or facility that is NOT equipped with an electronic "swipe" reader, all employees/authorized non-employees must display their NYC Transit issued EPIC pass and present it for closer inspection by a Department of Security representative, if/when requested.

When entering a NYC Transit property or facility that DOES HAVE an electronic "swipe" reader, e.g. entry point turnstiles, all employees/authorized non-employees must utilize this technology.

At NYC Transit properties or facilities that feature BOTH a posted Department of Security representative and electronic "swipe" reader (turnstiles), NYC Transit policy is now clarified to require all employees/authorized non-employees to always utilize the electronic device readers.

# EXHIBIT C-1

EMPLOYEE / NON-EMPLOYEE ACCESS CONTROL PROTOCOL
September 25, 2019
Page 2 of 2

# EXHIBIT C-2

There are Public and Non-Public areas within NYC Transit's expansive system.

- ○ Public Areas of the system are largely those spaces that allow the general public to gain access and entry to use the transit system.

- ○ Non-Public Areas exclude the general public and access is largely intended for employees or authorized non-employees. Some examples of these locations include office buildings, depots, shops, yards, storerooms, etc.

- ○ Restricted Areas are spaces within the Public or Non-Public Areas of the system that are created to exclude the general public or general employee population. Some examples include command centers, data closets, critical equipment rooms. Additionally, public space can be temporarily deemed a Restricted Area. This may be done for several reasons (safety or security incident investigation; infrastructure rehabilitation; sensitive internal operational functions; etc.). EPIC passes along with pre-approved access privileges are required for entry by both employees and non-employees to Restricted Areas.

NYC Transit Department of Security personnel AND ALL NYC Transit supervisors/managers have the authority to confiscate or request that a **Non-Employee Access Pass** be deactivated when he/she believes that the non-employee should no longer have access to NYC Transit property. There is myriad of reasons why this action should be taken (e.g., suspicious, unprofessional unsafe or illegal behavior, intoxicated individual, expired pass, counterfeit pass, etc.). The Department of Security's Command Center, as well as the supervisor or manager's direct report, must be notified immediately.

Please remember that security is everyone's responsibility. Ensuring that doors/gates are secured and that individuals seeking access to NYC Transit locations are verified, as well as properly displaying your EPIC pass, not only enhances the security of our facilities, but helps ensure your safety and the safety of your colleagues.

Your commitment to closing doors, challenging visitors and a wearing your EPIC pass is greatly appreciated.

# EXHIBIT C-2

G-I-I

Memorandum

## EXHIBIT E

**MTA**
**New York City Transit**

**Manhattan and Bronx**
**Surface Transit**
**Operating Authority**

Date 10-8-2019

To Security Department

From TPPA Vaughn Pass no# (917106)

Re Grievance, Intent

I, Phillip A. Vaughn have intent within 30 days no later then November 8, 2019, to submit a grievance against Superintendent Field Manager Mr. Walter Richmon Pass No# (745346) Submission of the Grievance to Security Managment, MTA Inspector General, EEO but not limited to the above.

Basis for the Grievance:

1) Making false statements to cast and adverse image of my character within the Security Department.

2) Making false statments to 2nd party to be conveyed To 3rd party which is the Chain of Command of the Charleston Bus Dep.t. To cast an adverse image of Charater

3) Displaying an indifference with White Male Bus Operators with Photocopy & Expired passes from Staten Island And willingly to Process incident reports of Black Male Bus Operators from Harlem.

End of Statement:

APPROVED _____

SIGNATURE Phillip Vaughn

## EXHIBIT E

## EXHIBIT S



# SEPTEMBER 2019 – RL #19-09-01

## SOP A – 1; Rule 1(d)
### "Emerging from Booth to Verify Authorized Acces

d.  The TPPA/TPPS must emerge from the guard booth, gatehouse or other assigned Post location, i.e., NYCT scooter or motor vehicle, regardless of weather, to properly challenge all persons and vehicles entering upon NYCT property via his/her Post and inspect/record appropriate identification. The guard booth or gatehouse will be used only for authorized meal periods, to prepare reports/activity records, to use the Post telephone for official business, and to periodically inspect alarms and CCTV video monitors where present. He/she shall at all other times station his/herself outside the guard booth, gatehouse or other assigned Post location in order to maintain a high security presence and deter unauthorized access.

Traffic Control Devices, where present, i.e., A-Frames & Cones, are present to assist the Security _____ specifically to stop the visitor and provide to _____ to inspect credentials properly.

## EXHIBIT S