21 CV 7048 (JPO)(JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP A. VAUGHN,

                                        Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY,

                                        Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

*DAVID I. FARBER*
*Vice-President and General Counsel*
*New York City Transit Authority*
*Attorney for Defendant*
*130 Livingston Street, Room 1229*
*Brooklyn, New York 11201*

*Of Counsel:*
        *Daniel Chiu*

*Tel: 718-694-3686*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------- x
PHILLIP A. VAUGHN,

                                  Plaintiff,    Docket No. 21 CV 7048
                                                      (JPO)(JLC)
          -against-

NEW YORK CITY TRANSIT AUTHORITY,

                                  Defendant.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Pl. Opp.") admits that he does not state a claim for discrimination and withdraws those claims. Plaintiff's remaining claim, retaliation pursuant to Title VII, fails to state a claim. Plaintiff does not offer any facts or evidence to plausibly state that defendant New York City Transit Authority ("NYCT" or "Defendant") was motivated by retaliatory animus when it terminated Plaintiff's employment.

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT FAILS TO PLAUSIBLY STATE A DISCRIMINATION CLAIM.

Plaintiff's Opposition appears to concede that his Complaint does not state a claim for discrimination under Title VII. See Pl. Opp. at 2-3.[1] Even if Plaintiff did not concede that he is unable to state a claim for discrimination, the discrimination claim should still be dismissed. Plaintiff stated no facts to demonstrate a perceived disability claim.

Nor has Plaintiff stated any facts to support a race discrimination claim or that he exhausted his administrative remedies to state a race discrimination claim. See Smith v. Long Island Univ., 2007 U.S. Dist. Lexis 38379 at *19 (E.D.N.Y. May 25, 2007) (District Court only has jurisdiction to hear Title VII claims that are either included in EEOC charge or based upon subsequent conduct to the EEOC charge that is reasonably related to that alleged in the EEOC charge). Plaintiff's administrative complaint never asserted a race discrimination claim. See New York State Division of Human Rights Employee Complaint Form ("NYSDHR Comp."), at 2, Exhibit B.[2]

---

[1] Page numbers to Pl.'s Opp. refer to the electronic case filing ("ECF") page numbers. See docket entry no. 17.

[2] Unless otherwise indicated, all Exhibits cited herein refer to the Exhibits annexed to the Declaration of Daniel Chiu, dated December 23, 2021, docket entry no. 9. Page numbers refer to the numbers NYCT added on the bottom right corner of the Exhibits.

## POINT II

## PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED.

Plaintiff's retaliation claim should also be dismissed. Plaintiff asserts he was terminated on November 7, 2019 because, on October 8, 2019, he reported an alleged discriminatory incident that took place nearly four months earlier on June 11, 2019. See Pl. Opp. at 6-7. Plaintiff claims that a white male employee used an invalid employee pass and Manager Walter Richman failed to ask Plaintiff about the employee.[3] See Pl. Opp. at 7.

Plaintiff's Opposition does not allege any facts to plausibly show that Manager Richman was motivated to terminate Plaintiff because of Plaintiff's October 8, 2019 discrimination complaint.[4] As set forth in Defendant's original motion, Plaintiff was being disciplined for his repeated insubordination that first occurred on October 7, 2019. Plaintiff was directed multiple times by multiple managers to cease physically examining the identification card of every employee entering the bus depot. Plaintiff, however, refused to comply with the managers' instructions. See Defendant's Memorandum of Law in Support of Motion to Dismiss, dated December 23, 2021 ("Def. Mem."), at 2-3. Over the subsequent days, Plaintiff further repeatedly failed to comply with Manager Richman's directives to prepare a report identifying who authorized him to perform an Enhanced Security Integrity Check ("ESIC") on employee IDs and the interaction between himself and the Bus Operator whose ID Plaintiff confiscated. See Def. Mem. at 3-4.

---

[3] Plaintiff did not report the incident until after he was facing discipline for insubordination and never explains why he waited nearly four months to report the purported discriminatory conduct.
[4] On October 13, 2019, Plaintiff retracted his discrimination complaint and apologized to Manager Richman for his conduct. Plaintiff also asked Manager Richman to be "gracious when administering the discipline." See NYSDHR Comp., at 129, Exhibit B.

3

Plaintiff's insubordination was the sole basis for his termination. Plaintiff offers no evidence to the contrary. Plaintiff identifies no statements by Manager Richman that demonstrate a retaliatory animus. Nor is Plaintiff able to identify any probationary employees who, like Plaintiff, were insubordinate but allowed to remain employed.

Plaintiff appears to argue that he was not insubordinate and complied with Manager Richman's orders.[5] See Pl. Opp. at 14-5. It is irrelevant, however, if Plaintiff believed he complied with Manager Richman's instructions. McPherson v. New York City Dep't of Education, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what motivated the employer.")

Plaintiff's assertion is also disingenuous. It cannot be disputed, nor can Plaintiff legitimately claim, that he complied with Manager Richman's instructions. Plaintiff never explained to Manager Richman who authorized him to perform an ESIC on employee IDs. Nor did Plaintiff immediately describe his interactions with the Bus Operator whose ID Plaintiff confiscated. In total, Plaintiff ignored three orders from his manager to explain his conduct. See Pl. Opp. at 21-23, 28-30; and NYSDHR Comp., at 114, 116, 118, 120-21, 123, 125, and 127, Exhibit B.

---

[5] To the extent Plaintiff is arguing the Unemployment Insurance Appeal Board determination is preclusive upon Defendant, this argument must fail. NYCT was unable to attend a hearing and the Administrative Law Judge ("ALJ") refused to allow NYCT to reopen the hearing. See Pl. Opp. at 26, 27, 33, and 43. The ALJ's refusal to reopen the record bars the application of any preclusion doctrines. Bd. of Educ. v. NYS Human Rights Appeal Bd., 106 A.D.2d 364, 365-66 (2nd Dep't 1984) (doctrines of *res judicata* and *collateral estoppel* do not apply unless there is: (i) an identity of issues necessarily decided in the prior proceeding which is decisive of the present action; and (ii) a full and fair opportunity to contest the decision now said to be controlling). The substantial gulf between the potential liability NYCT faces at an unemployment insurance hearing compared to a federal employment discrimination suit also bars the application of any preclusion doctrines.

4

Plaintiff engaged in repeated misconduct on October 7, 2019 and the days that followed. The termination of his probationary employment on November 7, 2019 was a direct consequence of his misconduct. The fact the misconduct pre-dated Plaintiff's discrimination complaint bars Plaintiff from linking his discrimination complaint with his termination. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001) (employer proceeding along lines previously contemplated though not yet definitively determined is not evidence of causality); see also Hunter v. St. Francis Hosp., 281 F.Supp.2d 534, 547 (E.D.N.Y. 2003) (consistent pre- and post-complaint performance reviews cannot support a claim of retaliation).

In addition, it was abundantly clear to Plaintiff that he had engaged in misconduct and discipline was forthcoming. On October 13, 2019, Plaintiff submitted a memorandum to Manager Richman apologizing for behavior that discredited the Security Department, threatening Manager Richman with legal action, and retracted Plaintiff's allegations that Manager Richman engaged in discriminatory conduct. Plaintiff then asked Manager Richman to be lenient when disciplining Plaintiff. See NYSDHR Comp., at 129, Exhibit B ("I can only hope if disciplinary action follows, you are gracious when administering the discipline.")

Based on the record, including Plaintiff's October 13, 2019 memorandum, it cannot be disputed that Plaintiff engaged in misconduct and Plaintiff's probationary employment was terminated as a direct result of the misconduct. Plaintiff's October 8, 2019 discrimination complaint was irrelevant to the decision to terminate Plaintiff's probationary employment and NYCT's decision should not be second guessed. Dobrynio v. Central Hudson Gas & Electric Corp., 419 F.Supp.2d 557, 565 (S.D.N.Y. 2006) (not job of court or jury to second guess employer's decision to administer discipline unless there is evidence that employer's demands were made in bad faith or with intent to discriminate).

5

## CONCLUSION

For the foregoing reasons, defendant New York City Transit Authority respectfully requests that the Court issue an order granting defendant New York City Transit Authority's motion to dismiss and dismiss the Complaint in its entirety together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
September 6, 2022

                                        DAVID I. FARBER
                                        Vice-President and General Counsel
                                        NEW YORK CITY TRANSIT AUTHORITY
                                        Attorney for Defendant
                                        130 Livingston Street, Room 1229
                                        Brooklyn, New York 11201
                                        718-694-3686

                                        By: _____
                                                 Daniel Chiu

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On September 6, 2022, I served the annexed Defendant's Reply Memorandum of Law in Further Support of Motion to Dismiss by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

>   PHILLIP A. VAUGHN, *pro se*
>   370 Bushwick Avenue, Apt. 10H
>   Brooklyn, New York 11206

I certify under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       September 6, 2022

_____
Daniel Chiu