UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP A. VAUGHN,
       Plaintiff,

    -v-

NEW YORK CITY TRANSIT
AUTHORITY,
       Defendant.

21-CV-7048 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Phillip Vaughn filed this action in August 2021, alleging discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.  In his opposition papers, Vaughn clarifies that he wishes to proceed only with his claim for retaliation under Title VII.  (Dkt. No. 17 at 2.)  Defendant New York City Transit Authority ("NYCTA") moves to dismiss his complaint for failure to state a claim.  For the reasons that follow, Defendant's motion to dismiss is denied.

**I. Background**[1]

  The NYCTA hired Phillip Vaughn on January 7, 2019 and charged him to maintain access control by checking the employee identification cards of other transit employees. (Compl. at 9).  Vaughn alleges that on June 11, 2019, he witnessed a supervisor, Mr. Richman, file an incident report on a black bus officer with an expired employee ID, but not on a white bus officer who also had an expired ID.  (Compl. at 10.)  On October 7, 2019, Vaughn worked for the first time at a Staten Island bus depot.  (Compl. at 11.)  While there, Vaughn again noticed a

---

[1] These background facts are taken from the Complaint (Dkt. No. 1; "Compl.") and presumed true for the purposes of this Opinion and Order.

bus operator with an expired pass, which he confiscated.  *Id.*  He understood this to be the correct protocol, and it accords with a document labelled "Standard Operating Procedure," which he attaches to his complaint.  (Compl. at 14, Exhibit A.)  Vaughn alleges that after he confiscated the driver's pass, however, Richman called him and reprimanded him, telling him to ignore the infraction because "the bus Depots don't give a shit about photocopies."  (Compl. at 11.)  On October 8, 2019, Vaughn submitted a written statement, informing Richman that he intended to file a grievance against him for "discriminating against black bus officers from Harlem" because Richman filed a report on the black bus driver, but disregarded similar infractions from white bus officers.  (Compl. at 12.)  On November 7, 2019, the NYCTA terminated Vaughn's employment.  *Id.*

## II.     Legal Standard

"In addressing the sufficiency of a complaint [the court] accept[s] as true all factual allegations and draw from them all reasonable inferences."  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  When a complaint is filed *pro se*, "it must be construed liberally to raise the strongest arguments it suggests."  *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citations, quotation marks, and brackets omitted).  Still, however, "a *pro se* complaint must state a plausible claim for relief."  *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" such that his or her claims cross "the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard "demands more than an unadorned . . . accusation," for a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Determining

whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to the "facts stated on the face of the complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation marks omitted). However, "extrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010).

### III. Discussion[2]

To make out a prima facie case of retaliation under Title VII, a plaintiff must show "'1) participation in a protected activity'"; 2) the defendant's knowledge of the protected activity; "'3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action.'" *Jute v. Hamilton Sundstrand Corp*., 420 F.3d 166, 173 (2d Cir. 2005) (quoting *McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001)). Once the plaintiff makes that showing, the burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for its actions. *Papelino v. Albany Coll. of Pharmacy of Union Univ*., 633 F.3d 81, 92 (2d Cir. 2011). If it does so, the burden then shifts back to the plaintiff to demonstrate that the employer's reason was pretextual. *Id.*

---

[2] In a footnote, Defendants argue that any of Vaughn's claims except for those based on perceived disability are precluded as non-exhausted. (Dkt. No. 8 at 6, fn. 3.) In their reply, Defendants do not address whether Vaughn's retaliation claim is or is not exhausted. Exhaustion is "not a jurisdictional requirement; rather, it is merely a precondition of suit and, accordingly, it is subject to equitable defenses." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015). While the question of whether Vaughn's retaliation claim is exhausted is "not free from uncertainty," Defendants fail to clearly articulate or to sustain this argument. Notably, "failure to exhaust [is] merely a defense subject to waiver." *Id.* Accordingly, the Court does not address exhaustion here.

Here, Vaughn alleges that he submitted a statement that he intended to report Richman for discrimination based on race. In its briefings, the NYCTA argues that Vaughn has not sufficiently shown that Richman did in fact discriminate based on race. (*See* Dkt. No. 8 at 7.) That argument fails at this juncture. "In order to recover for retaliation for having filed such a complaint, the plaintiff need not prove that [his] underlying complaint of discrimination had merit." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). Vaughn has plausibly alleged that he participated in an activity protected by Title VII: that is, revealing to his employer that he intended to raise allegations of discrimination. By the same coin, Vaughn satisfies element two of the prima facie case for retaliation. Vaughn also alleges that less than a month after these events, the NYCTA terminated his employment, satisfying element three.

The final element is causation. The NYCTA argues that Vaughn has failed to show causation because Vaughn reported his discrimination claim on October 8, based on an incident that occurred on June 11, after being disciplined for insubordination on October 7. (*See* Dkt. No. 18 at 3.) Therefore, it argues, the discipline began before the alleged protected act and cannot plausibly be considered related. (*See* Dkt. No. 8 at 11.)

This argument misconstrues Vaughn's complaint. By his complaint, Vaughn's allegation of discrimination was based on both the disparate treatment he observed on June 11, and Richman's statements and behavior on October 7. Vaughn also clarifies in his opposition that he submitted his statement about his intent to file a grievance shortly after leaving his shift, that is, as soon as he could after observing the behavior on October 7. (*See* Dkt. No. 17 at 7.)

Defendants also rely on *Clark County School District v. Breeden*, 532 U.S. 268 (2001), to argue that Vaughn even still cannot show causality, because the path to his termination began with Richman's reprimand on October 7. (*See* Dkt. No. 8 at 11.) The situation here is far

different, however. In *Clark County*, the Court explained that the plaintiff had "relied wholly on the temporal proximity" of the filing of her complaint to the alleged retaliatory action, in that case, a transfer. And moreover, the record showed that in fact, the supervisor did not know of the filing of the complaint until one day after announcing that she was contemplating transferring the plaintiff. 532 U.S. at 273-74. Here, by contrast, Vaughn does not wholly rely on the timeline of events, nor is it clear that one reprimand — which was itself part of the complained-of incident of discrimination — would necessarily lead to his termination. (*See, e.g.*, Dkt. No 17 at 14 (giving other evidence toward causation); *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (reading the *pro se* complaint and opposition brief together in considering a motion to dismiss)).

Construing the complaint liberally, as required for a *pro se* plaintiff, the Court concludes that Vaughn has stated a *prima facie* case for retaliation under Title VII. He abandons all other claims. Therefore, the NYCTA's motion to dismiss as to Vaughn's claim for retaliation fails, though any other claims Vaughn purported to bring in this suit are dismissed as abandoned.

### IV. Conclusion

The NYCTA's motion to dismiss is DENIED as to Vaughn's retaliation claim. Defendant shall file an answer within 21 days after the date of this opinion and order.

The Clerk of Court is respectfully directed to close the motion at Docket Number 7. The Clerk is also directed to mail a copy of this opinion and order to the pro se Plaintiff.

SO ORDERED.

Dated: September 19, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge