UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP A. VAUGHN,

       Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY,

       Defendant.

21-cv-7048 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

 This case involves a pro se complaint for employment discrimination. Plaintiff Phillip Vaughn has sued the New York City Transit Authority, his former employer. Vaughn alleges that he was retaliated against for doing his job by confiscating expired employee bus passes. Dkt. 1 at 11–12.

 The same day that the filed his complaint, he requested a preliminary injunction. Dkt. 2. More than a year later, the motion was withdrawn pending mediation. Dkt. 31. Vaughn has now requested the injunction again. Dkt. 61. He asks the Court to enjoin the Transit Authority from "verbaliz[ing] or Print[ing]" that (1) "Vaughn reached into Bus Operator Steven Schulman[']s vehicle and took from his person his duplicate EPIC Pass," and (2) "Vaughn was Rifling through employees' wallets and vehicles." Dkt. 63.

 The Court construes Vaughn's materials liberally. *See Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010). And it excuses some procedural niceties, such as the need to seek leave to renew this motion. *See id.* Yet Vaughn must still meet his substantive burden. "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). And because Vaughn seeks a mandatory injunction (that is, one that disrupts the status quo, unlike a prohibitory injunction), he must meet a "heightened standard": "a clear or substantial likelihood of success on the merits." *Id.* (citation omitted).

 Under the typical or heightened standard, Vaughn's motion fails. First, he hasn't shown irreparable harm. His argument is that the statements he wants enjoined are "outrageous lie[s]" that are "caus[ing] a great deal of emotional stress." Although emotional harm can constitute irreparable harm, Vaughn's "vague and conclusory allegations of injury do not suffice." *Miller v. Miller*, 2018 WL 3574867, at *3 (D. Conn. July 25, 2018). It's not clear whether, when, how, or to whom the Transit Authority published any statements about Vaughn. It seems that the only statements they've made are in relation to the underlying disciplinary proceeding and this

litigation. Nor has he shown that there are statements on the horizon. And to the extent that Vaughn is suffering harm, it is not clear why it would not be compensable by damages. So Vaughn has not carried his burden to show irreparable harm.

Second, Vaughn has not shown a likelihood of success on the merits. In general, injunctions amounting to prior restraints on speech, like the one Vaughn requests, are "widely disfavored." *TVC Albany, Inc. v. Am. Energy Care, Inc.*, 2012 WL 5830705, at *5 (N.D.N.Y. Nov. 16, 2012). And here, statements about Vaughn's firing are collateral to the employment-discrimination claim. Even if Vaughn succeeded on the discrimination merits, the Transit Authority could still make statements about why it fired him. Perhaps those statements would be defamatory (depending on the fact-finder's findings), but that is a long way down the road. And even then, injunctions in defamation cases are also extraordinary and disfavored. *Id.* So Vaughn has not shown a likelihood of success on the merits, let alone a clear likelihood.

Finally, Vaughn has not shown that the injunction would be in the public interest. Perhaps the balance of hardships tips slightly in his favor in that the Transit Authority hasn't made public statements about him and seems uninterested in doing so, and he has an acute interest in any potential statements. "The public's interest in free expression, however, is significant and is distinct from the parties' speech interests." *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010). Restraints on speech are seldom warranted, and this case is no exception.

For these reasons, Vaughn's request is DENIED. Magistrate Judge Cott is handling the motion at Dkt. 62.

SO ORDERED.

Dated: June 3, 2024

New York, New York

                                              ARUN SUBRAMANIAN
                                              United States District Judge