UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PHILLIP A. VAUGHN, :
:
        Plaintiff, : **ORDER**
:
 -v- : 21-CV-07048 (AS) (JLC)
:
NEW YORK CITY TRANSIT AUTHORITY, :
:
        Defendant. :
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/01/2024

**JAMES L. COTT, United States Magistrate Judge.**

*Pro se* Plaintiff Phillip Vaughn has moved for appointment of counsel by motion dated June 25, 2024 (Dkt. No. 76). Vaughn seeks counsel because he says he "Do[es] not know how to proceed further in Federal Court." *Id.*

Vaughn may not be aware but the Court does not have a budget to pay appointed counsel in civil cases and has no power to enlist a lawyer to serve without pay. The Court must be mindful that volunteer attorney time is a precious commodity, and "courts should not grant such applications [for appointment of counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). For the Court to order the appointment of counsel, a petitioner must make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Only then can the Court consider the other factors appropriate to the determination of whether counsel should be appointed: "the [petitioner's] ability to investigate the crucial

1

facts, . . . , the [petitioner's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Johnston*, 606 F.3d at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)).

The Court denies Vaughn's application for appointment of counsel without prejudice to renewal if his case survives summary judgment and goes to trial. Based on the current record, the Court cannot conclude that his claims are substantial or that he is likely to succeed on the merits. At this point in the proceedings, Vaughn only maintains a retaliation claim, as the rest of his claims were dismissed by Judge Oetken. Dkt. No. 19.

While the Court will not appoint counsel at this time, there are still resources that Vaughn can seek to provide him with assistance. Vaughn should work with the *Pro Se* Office of the Court for any additional help that he needs, and he should also continue to seek to obtain private counsel. The *Pro Se* Office may be contacted at: *Pro Se* Office, United States District Court, S.D.N.Y., 500 Pearl St, New York, N.Y. 10007, (212) 805-0175.

In addition, Vaughn may seek assistance by contacting the New York Legal Assistance Group's ("NYLAG") Legal Clinic for *Pro Se* Litigants in the Southern District of New York, a free legal clinic for those who have brought suit in this Court. He can make an appointment through NYLAG's website (https://nylag.org/pro-se-clinic/), or by calling (212) 659-6190.

2

The Clerk is respectfully directed to close docket entry number 76 and mark it as denied without prejudice.

**SO ORDERED.**

Dated:   New York, New York
         July 1, 2024

                                        JAMES L. COTT
                                        United States Magistrate Judge