USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/19/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

PHILLIP A. VAUGHN,

                Plaintiff,

      -v-

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.

**ORDER**

21-CV-7048 (AS) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    The Court is in receipt of Plaintiff's Letter, dated March 16, 2025, requesting that the Court remove his medical records from the docket. ECF No. 115.

    On January 24, 2025, the Court held a conference regarding Defendant's Letter Motion to Compel dated December 6, 2024. *See* ECF Nos. 98, 92. This conference had already been adjourned once from the originally scheduled date at Plaintiff's request. *See* ECF Nos. 93, 95. Plaintiff appeared at the January 24 conference and requested a further adjournment for medical reasons. *See* ECF No. 98. The Court adjourned the conference and directed Plaintiff to submit a status report by January 28, 2025 addressing his medical status and availability for a rescheduled conference. *See* ECF No. 99.

    In lieu of a status report, Plaintiff filed a fifth motion to stay the proceedings. *See* ECF No. 100; *see also* ECF Nos. 40, 46, 51, 57. Defendant filed a response to Plaintiff's motion, stating it had "no factual basis to contest Plaintiff's application" and asking the Court to consider the prejudice to Defendant from further delay in

1

resolving this case, which has been pending since August 2021. *See* ECF No. 102. Plaintiff filed a reply letter in support of his motion. *See* ECF No. 103. After considering the parties' submissions, the Court stayed discovery until March 3, 2025. *See* ECF No. 104. The Court directed Plaintiff to file a status report by March 3, 2025, and directed Plaintiff to provide "sufficiently detailed information, under seal if necessary, to justify a further stay" to the extent Plaintiff sought to extend the stay further. *Id.*

On March 3, 2025, Plaintiff filed a letter asking the Court to continue the stay until April 25, 2025, advising the Court that he "provide[d] separate documentation from physicians," and asking the Court "not to make [the documentation] public record." ECF No. 106. The docket reflects that a submission made by Plaintiff under seal was placed in the vault on March 3, 2025. *See* ECF No. 105.

Plaintiff's March 3 Letter, ECF No. 106, did not specify that he asked for his submission to be inaccessible to opposing counsel. If the Court had construed Plaintiff's request this way, the request would have been denied because it would be unfair for Plaintiff to obtain a stay based on medical documentation not shared with opposing counsel. Because the documentation referenced at ECF No. 105 was placed in the vault and not accessible to opposing counsel, the Court entered an Order to unseal Plaintiff's submission and to place it on the docket with restricted

access such that the "general public does not have permission to view the records," believing this is what Plaintiff had requested. ECF No. 107.

Once the documentation in support of a further stay was placed on the docket for the Court's and opposing counsel's eyes only, the Court reviewed the submission and found it insufficient to justify a further stay. *See* ECF No. 113. The Court scheduled a conference on March 25, 2025, at 10:00 a.m., to address the issues raised in Defendant's pending motion to compel, ECF No. 92, and supplemental letter, ECF No. 96. Plaintiff was warned that failure to appear at this conference would result in the Court (1) resolving Defendant's unopposed letter motion, ECF No. 92, based on the written submissions made by Defendant, and (2) granting leave for Defendant to file a motion for sanctions for Plaintiff's failure to appear for deposition, which sanctions may include a recommendation that Plaintiff's claims be dismissed. *See* ECF No. 113.

In his March 16 Letter, Plaintiff now states that he did not want Defendant to have access to his medical records and wanted to submit the documentation "for the Judge's eyes only." *See* ECF No. 115. Given that the Court did not rely on this documentation to grant any relief, the Court will grant Plaintiff's request and remove the document from the limited access docket.

## CONCLUSION

The Clerk of Court is respectfully directed to re-seal the documents entered at ECF Nos. 110 and 110-1. Those documents should be kept in the vault pending further order of the Court.

The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se Plaintiff.

**SO ORDERED.**

Dated: March 19, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge