UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP A. VAUGHN,

                Plaintiff,

-v-

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/13/2025__

**ORDER**

21-CV-7048 (AS) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court held a conference to discuss the status and scope of discovery and the status of settlement efforts in this matter.

I.    **Discovery**

During the conference, Plaintiff made the representation on the record that he relinquishes his claims against Defendant for physical, mental, and/or emotional harm. In light of this representation, the Court's May 2, 2025 Order is hereby amended such that Plaintiff is no longer compelled to produce documents evidencing physical, mental, and/or emotional harm in response to Defendant's Request for Production No. 7. To be clear, the Court would not have changed its ruling regarding Request No. 7 but for Plaintiff's representation.

For the reasons discussed during the conference, the Court grants a **final** extension of time for the parties to complete fact discovery. Plaintiff's deadline to produce documents, including documents responsive to Defendant's Request for Production Nos. 6 and 9, is extended to **July 11, 2025**. The deadline to complete

1

the deposition of Plaintiff is extended to **August 22, 2025**, and the parties should confer regarding when, where, and how the deposition will take place.

**Plaintiff is cautioned that failure to produce documents in compliance with any Court Order or failure to appear for deposition could result in the imposition of sanctions under Federal Rule of Civil Procedure 37, including potential dismissal of Plaintiff's claims.**

II.     Settlement Efforts

The Court also discussed the parties' settlement efforts off the record to determine the next steps that would be most productive to assist the parties in reaching a resolution of this action. After this discussion, the Court entered a separate Order withdrawing the mediation referral. Accordingly, Plaintiff's Motion for Mediation is DENIED as moot.

By **July 15, 2025**, the parties are directed to filed a joint status letter updating the Court regarding the status, but not the substance, of their continued settlement efforts, and to propose next steps for resolution of this action.

Plaintiff's Motion to represent himself is GRANTED. As discussed during the conference, Plaintiff does not need Court approval to exercise his right to represent himself in settlement discussions.

## CONCLUSION

The Clerk of Court is respectfully directed terminate the motion at ECF No. 135 as GRANTED, and to terminate the motion at ECF No. 138 as DENIED as moot.

The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: June 13, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: June 13, 2025
    New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge