USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP A. VAUGHN,

Plaintiff,

-v-

NEW YORK CITY TRANSIT AUTHORITY,

Defendant.

**ORDER**

21-CV-7048 (AS) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court is in receipt of Plaintiff's motion to reopen discovery, ECF No. 197, and request for direction regarding certain documents, ECF No. 198, as well as Defendant's response thereto, ECF No. 201.

Staring with the motion to reopen discovery, this case is now five years old and has been delayed for multiple reasons, including illness, disputes over discovery, prolonged settlement efforts and, most recently, Plaintiff's failure to appear for deposition. Fact discovery closed on February 27, 2026. ECF No. 157. *See also* ECF No. 196. Since then, the parties have focused on completing Plaintiff's deposition under penalty of sanctions. Defendant sought this deposition long ago, but it only occurred on July 24, 2026 under the Court's direct supervision. There has been ample time to conduct and complete discovery in this case and Plaintiff fails to show that he acted with diligence to obtain the discovery he now seeks. Additionally, Defendant has long complained that additional delay would prejudice its ability to defend against Plaintiff's claims, which are based on events that

occurred in 2019. Plaintiff fails to demonstrate good cause to reopen discovery under Federal Rule of Civil Procedure 16 and his request is **DENIED**.

Next, in response to Plaintiff's August 13 filing, ECF No. 198, Defendant states that the Department of Labor transcript in question has been produced, so that portion of Plaintiff's request is **DENIED** as moot. It is less clear what Plaintiff is requesting regarding documents from the Department of Human Rights. *See* ECF No. 198. Accordingly, that request is **DENIED** without prejudice and subject to further clarification.

Finally, Defendant's request for a blanket preclusion order is **DENIED** without prejudice. ECF No. 201. Any request to preclude evidence for non-production is best resolved in a specific context if and when Plaintiff seeks to rely on a document that was never produced. That would allow the Court to consider the importance of the evidence in question, the excuse for non-production, and any resulting prejudice. These considerations cannot be addressed in the abstract.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 197 as **DENIED**.

**SO ORDERED.**

Dated: August 24, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge